IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amin A. Rashid,  Case No. 4:15 CV 2724

   Petitioner

  v.  **ORDER**

Ralph Hanson,

   Respondent

  On December 31, 2015, petitioner *pro se* Amin A. Rashid filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Petitioner challenges his convictions and the sentence imposed on him in 1994 by the United States District Court for the Eastern District of Pennsylvania. He asserts he is "actually innocent" of the mail fraud and identity theft offenses of which he was convicted because the government committed a fraud upon the court. He further seeks to alter a sentence he is now serving on the ground that its length was affected by the convictions he is challenging. For the reasons stated below, the petition is denied and this action is dismissed.

  Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this
> section, shall not be entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced

> him, or that such court has denied him relief, unless it also appears
> that the remedy by motion is inadequate or ineffective to test the
> legality of his detention.

28 U.S.C. § 2255.

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. See 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). Section 2255 provides a safety valve whereby federal prisoners may bring such a § 2241 claim if it appears the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 209 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). This "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed. Appx.. 243, 248 (6th Cir. 2001) (unpublished disposition) (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)). It is the prisoner's burden to prove the remedy under § 2255 is inadequate or ineffective. See *Charles*, 180 F.3d at 756. The remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Id*. at 756–58.

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Peterman*, 249 F.3d at 462 ("[C]laims do not fall within any arguable construction of ... [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence."); *Charles*, 180 F.3d at 756–57 (collecting cases); *see also Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law that establishes a prisoner's actual innocence of a crime. *See*

*Martin*, 319 F.3d at 804; *Peterman*, 249 F.3d at 462. Moreover, "actual innocence means factual innocence, not mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner seeks to raise issues that could and must be raised in a § 2255 motion. The petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims.

Accordingly, the petition is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge